# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL EVANS,<br><br>Petitioner,<br><br>v.<br><br>S. RODRIGUEZ,<br><br>Respondent. | Case No. 1:23-cv-01025-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On July 10, 2023, Petitioner filed the instant petition for writ of habeas corpus wherein Petitioner appears to challenge a prison disciplinary proceeding. (ECF No. 1.) On August 4, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 4.) To date, no response to the Court's order to show cause has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

1

1 to file a response, if it "plainly appears from the petition and any attached exhibits that the
2 petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254
3 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

4     It appears that Petitioner failed to exhaust his claims raised in the instant petition. (ECF
5 No. 1 at 6–7.)[1] A petitioner in state custody who is proceeding with a petition for writ of habeas
6 corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is
7 based on comity to the state court and gives the state court the initial opportunity to correct the
8 state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991);
9 Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by
10 providing the highest state court with a full and fair opportunity to consider each claim before
11 presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
12 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

13     Petitioner has failed to respond to the order to show cause. As it appears Petitioner has
14 not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his
15 claims. 28 U.S.C. § 2254(b)(1). Accordingly, the Court finds that Petitioner's claims are
16 unexhausted and should be dismissed without prejudice.

## III.

## RECOMMENDATION & ORDER

19     Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of
20 habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies.

21     Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
22 Judge.

23     This Findings and Recommendation is submitted to the United States District Court
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304
25 of the Local Rules of Practice for the United States District Court, Eastern District of California.
26 Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may
27 file written objections with the Court and serve a copy on all parties. Such a document should be

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 14, 2023**

UNITED STATES MAGISTRATE JUDGE